[No. 908. Decided April 14, 1893.]

THE CITY OF PORT TOWNSÉND, *Appellant*, v. JOHN F. SHEEHAN, *Respondent.*

### TAXATION — ASSESSMENT IN UNCLASSIFIED CITIES.

The act of March 9, 1893, entitled "An act to provide for the assessment and collection of taxes in municipal corporations of the third and fourth class in the State of Washington," does not apply to the city of Port Townsend, as the latter has not become a classified city under the laws of the state.

. The assessor of the county of Jefferson is not authorized by the general revenue law approved March 15, 1893, to make the assessment for the city of Port Townsend, as a part of his duties as such county assessor.

*Appeal from Superior Court, Jefferson County.*

*Del Cary Smith*, for appellant.

*Robert W. Jennings*, for respondent.

The opinion of the court was delivered by

HOYT, J.— Two questions are presented by the appeal in this case. *First*, Does the act of March 9, 1893 (Laws, p. 171), entitled "An act to provide for the assessment and collection of taxes in municipal corporations of the third and fourth class in the State of Washington, and declaring an emergency," apply to the city of Port Townsend? *Second*, If it does not apply, is the assessor of the county of Jefferson authorized by the general revenue law approved March 15, 1893 (Laws, p. 323), to make the assessment for said city, as a part of his duties as such county assessor?

The first question must be decided in the negative upon the authority of the case of *Rohde v. Seavey*, 4 Wash. 91 (29 Pac. Rep. 768). In that case we held that the city of Port Townsend was not a classified city under the general

laws of the state. We have seen no reason to change the views then expressed, and as there is nothing in said act of March 9th to show any intention on the part of the legislature to include cities not provided for by such classification, it follows that said act can have no force so far as said city is concerned.

As to the other question, it seems clear to us that there is no sufficient direction to the county assessor contained in said act to authorize him to perform the duties of assessor of such city. The only sections which seem in any manner to relate to an assessment for municipal purposes are the first, which in general terms provides a basis of taxation for municipal as well as for all other purposes, and the ninety-fifth, which provides the form of the assessment roll, in which a blank is provided for the insertion of the amount of the city tax. But these provisions alone, when unaided by any of the provisions of the act of March 9th above referred to, do not sufficiently point out the machinery for so doing to authorize the assessor of the county to make an assessment of the city which will be available for city purposes.

It follows that the action of the court in quashing the temporary writ of mandamus was correct, and its judgment must be affirmed.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

SCOTT, J., not sitting.